U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMA HOWLAND-BOLTON, SARA HABBO,
SHANNON MCEVILLY, MARIE REIMERS and
CLARISSA GRIMES
     Plaintiffs,                                CASE NO. :
v.                                        HON.

CITY OF DETROIT, a municipality
MAYOR MICHAEL DUGGAN, CHIEF JAMES CRAIG,
CMDR. DARIN SCILAGY,  RODNEY CUSHIONBERY,
UNKNOWN METROPOLITAN COMMAND OFFICERS,
UNKNOWN SRT OFFICERS AND UNKNOWN OFFICERS,
     in their individual and official capacities,
     Jointly and Severally,
_____/

DAVID A. ROBINSON (P38754)
BRANDON MCNEAL (P81300)
ROBINSON & ASSOCIATES, P.C.
Attorneys for Plaintiff
28145 Greenfield Rd., Suite 100
Southfield, MI 48076
(248) 423-7234
davidrobinsonlaw@gmail.com
mcnealbr@gmail.com

**THOMAS E. KUHN (P37924)**
Co-Counsel for Plaintiff
645 Griswold Street, Ste. 1900
Detroit, MI 48226
313.963.522; fax 313.963.9061
tekuhn@aol.com
_____/

## **COMPLAINT and JURY DEMAND**
There is pending a companion case before the Honorable
Laurie J. Michelson case No. 20-12363

**NOW COME** the Plaintiffs, by and through their attorneys, and for their

Complaint against the Defendants state as follows:

## PARTIES

1.     At all pertinent times, Plaintiffs were residents of Wayne County, and

citizens of the State of Michigan.

2.     Mayor Michael Duggan, Chief James Craig, Commander Darin Scilagy and

Rodney Cushionberry [hereafter Individual Defendants], along with other

unknown officers, were citizens of the State of Michigan, and at all pertinent times

worked and were employed by the City of Detroit in Wayne County.

3.     Defendant City of Detroit is a municipal corporation located in Wayne

County, Michigan and operates subject to the laws and constitutions of both the

State of Michigan and the United States of America.

## JURISDICTION, AND VENUE

4.     Individual Defendants were at all pertinent times employed by the City of

Detroit and were at all pertinent times, acting pursuant under color of state law and

pursuant to customs, policies, and practices of Defendant City of Detroit.

5.     Plaintiffs bring this action under the laws of the State of Michigan, the

United States Constitution, and 42 U.S.C. §1983.

6.     Venue is appropriate because the events giving rise to this action occurred

entirely in Wayne County, Michigan.

7.     The amount in controversy exceeds in this action exceeds Seventy-Five Thousand Dollars ($75,000) and is otherwise within this Court's subject matter jurisdiction.

## FACTUAL ALLEGATIONS

8.     On or about May 30-31, 2020, Plaintiff EMMA HOWLAND-BOLTON and MARIE REIMERS was engaged as a legal observer with clearly identifiable bright green hat at demonstrations occurring in the area of Michigan Avenue and Third Avenue in Detroit, MI.

9.     Plaintiff Howland-Bolton was standing on the sidewalk observing and recording the events occurring in the demonstration, when she was subjected to tear gas and other wrongful conduct by unknown Defendant officers under the direction and control of Defendants Duggan, Craig, Scilagy and others.

10.     At that time, unknown Defendant officers under the direction and control of Defendants Duggan, Craig, Scilagy and others tackled Plaintiff Howland-Bolton, knocked her down, handcuffed her where the cuffs were placed on so tightly causing bruising and used excessive force and wrongfully arrested her, although she was doing nothing illegal and Defendant officers had no probable cause for an arrest.

11.     Defendant Rodney Cushionberry brought criminal charges against Plaintiff Howland-Bolton, although she was doing nothing illegal and Defendant

officers had no probable cause for an arrest.

12.     On or about May 30-31, July 10 and August 22, 2020, Plaintiff MARIE

REIMERS was acting as a clearly identified legal observer in various locations,

including on the sidewalk adjacent to Woodward Ave. between Grand River Ave.

and John R./Clifford wearing a bright green legal observers hat.

13.     While there, unknown Defendant officers under the direction and control of

Defendants Duggan, Craig, Scilagy and others exposed her to non-

lethal chemical sprays and tear gas multiple times, punching her and physically

rushing her at a time she was lawfully engaged in permissive legal observer

activity as sanctioned by Commander Todd Bettison of the Detroit Police

Department (DPD).

14.     This excessive force and assault, while she was not violating any laws was

done without probable cause and in retaliation for exercise of her 1st and 14th

Amendment Rights.

15.     On or about August 22, 2020, Plaintiff SARA HABBO was acting as a

clearly identified legal observer wearing a bright green legal observers hat on the

sidewalk adjacent to Woodward Ave. between Grand River Ave. and John R./

Clifford.

16.     While there, unknown Defendant officers under the direction and control of

Defendants Duggan, Craig, Scilagy and others exposed her to non-

lethal chemical sprays and tear gas multiple times physically rushing her at a time she lawfully engaged in permissive legal observer activity as sanctioned by Commander Todd Bettison of the Detroit Police Department (DPD).

17.    This excessive force and assault, while she was not violating any laws was done without probable cause and in retaliation for exercise of her 1st and 14th Amendment Rights.

18.    On or about August 22, 2020, Plaintiff CLARISSA GRIMES was acting as a clearly identified legal observer wearing a bright green legal observers hat on the sidewalk adjacent to Woodward Ave. between Grand River Ave. and John R./Clifford.

19.    While there, unknown Defendant officers under the direction and control of Defendants Duggan, Craig, Scilagy and others exposed her to non-lethal chemical sprays and tear gas multiple times physically rushing her and hitting  her with riot shields and batons at a time she lawfully engaged in permissive legal observer activity as sanctioned by Commander Todd Bettison of the Detroit Police Department (DPD).

20.   This excessive force and assault, while she was not violating any laws was done without probable cause and in retaliation for exercise of her 1st and 14th Amendment Rights.

21.   On or about August 22, 2020, Plaintiff  SHANNON MCEVILLY was acting

as a clearly identified legal observer with a bright green legal observers hat on the sidewalk adjacent to Woodward Ave. between Grand River Ave. and John R./Clifford.

22.   While there, unknown Defendant officers under the direction and control of Defendants Duggan, Craig, Scilagy and others exposed her to non-lethal chemical sprays and tear gas multiple times physically rushing her and hitting  her with riot shields and batons at a time she lawfully engaged in permissive legal observer activity as sanctioned by Commander Todd Bettison of the Detroit Police Department (DPD).

23.   This excessive force and assault, while she was not violating any laws was done without probable cause and in retaliation for exercise of her 1st and 14th Amendment Rights.

24.   Defendants advised the public they needed to be on the sidewalk; nevertheless, unknown Defendant officers under the direction and control of Defendants Duggan, Craig, Scilagy and others assaulted, beat, sprayed and harassed them, using excessive force on Plaintiffs even though they complied with the request that they be on the sidewalk.

25.    Plaintiffs' Constitutional rights not to be wrongfully seized, arrested, imprisoned, retaliated against, and subjected to excessive force were clearly established.

26.     Individual Defendants under the direction and control of Defendants

Duggan, Craig, Scilagy and others acted in bad faith in stopping, seizing,

imprisoning, arresting and exerting excessive force upon Plaintiffs.

27.     Except for the improper conduct, false information, and the fabrication of

evidence by unknown Defendant officers under the direction and control of

Defendants Duggan, Craig, Scilagy and others, no probable cause existed to charge

any Plaintiff with anything.

28.     The conduct of the City of Detroit:

     a.    Established or condoned customs, policies and/or practices pursuant to which Individual Defendant and unknown Defendant officers under the direction and control of Defendants Duggan, Craig, Scilagy and others violated Plaintiffs' well-established Constitutional rights;

     b.    Failed to properly train, discipline and/or supervise Individual Defendant or unknown Defendant officers under the direction and control of Defendants Duggan, Craig, Scilagy and others such that they violated Plaintiffs' well-established Constitutional rights;

     c.    Denied Plaintiffs fair treatment during the investigation;

     d.    Denied Plaintiffs fair and equal treatment;  and,

     e.    Ratified, condoned, and/or permitted the conduct of Individual Defendant and unknown Defendant officers under the direction and control of Defendants Duggan, Craig, Scilagy and others;

29.     The conduct of the Individual Defendant and unknown Defendant officers

under the direction and control of Defendants Duggan, Craig, Scilagy and others:

     a.    Retaliated against Plaintiffs for exercise of their 1st Amendment rights;

      b.      Fabricated evidence to create probable cause against Plaintiff Howland-Bolton  in violation of her 4th Amendment rights;

      c.      Exerted unnecessary and excessive force against Plaintiffs;

      d.      Treated Plaintiffs unequally because of their protected activity in violation of the Equal Protection Clause and the 14th Amendment;

      e.      Wrongfully handcuffed and arrested Plaintiff Howland-Bolton in violation of her 4th Amendment rights;

      f.      Caused and maintained a false arrest and false imprisonment;

      g.      Were grossly negligent, and made Plaintiffs' condition worse after taking them into their custody and control;

      h.      Intentionally caused serious emotional distress;

30.    As a direct and proximate result of Defendants' conduct, Plaintiffs suffered injuries and  damages including, but not limited to:

      a.      Economic damages, past and future;

      b.      Pain and suffering, physical injury;

      c.      Loss of society and companionship;

      d.      Fear, anxiety, humiliation, and shame;

      e.      Serious emotional distress; and

      f.      Cost of past and future medical.

**COUNT I**
**42 U.S.C. 1983 & 1985 AGAINST INDIVIDUAL DEFENDANTS**
**AND UNKNOWN DEFENDANT OFFICERS**

31.     Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs,  as though the same were fully set forth herein word for word.

32.     The Individual Defendants' and unknown Defendant officers' actions under the direction and control of Defendants Duggan, Craig, Scilagy and others were done in their individual capacities, and under color of state law.

33.     The Individual Defendants' and unknown Defendant officers' actions under the direction and control of Defendants Duggan, Craig, Scilagy and others violated clearly established rights of the Plaintiffs including, but not limited to:

> a.     The right to be free from retaliation for protected speech (1st and 14th Amendment);
>
> b.     The right to be free from wrongful arrest and wrongful imprisonment, and use of excessive force (4th  and 14th Amendment); and,
>
> c.     The right to be free from unequal treatment due to protected activities in violation of the Equal Protection Clause and the 14th Amendment.

34.     As a direct and proximate result of the Individual Defendants' and unknown Defendant officers' actions under the direction and control of Defendants Duggan, Craig, Scilagy and others, Plaintiffs suffered injury and damages including, but not limited to those set forth in paragraph 30.

    **WHEREFORE**, Plaintiffs claim judgment against Individual Defendants and unknown Defendant officers in the amount more than Seventy-Five Thousand Dollars ($75,000) which is fair and just and consistent with the law and evidence

as shall be determined, together with interest, costs and attorney's fees, and all

other damages, including exemplary and/or punitive damages allowable by law.

## COUNT II
## MUNICIPAL LIABILITY AGAINST DEFENDANT
## CITY OF DETROIT UNDER 42 USC 1983

35.    Plaintiffs hereby re-allege and incorporate herein by reference all the prior

paragraphs,  as though the same were fully set forth herein word for word.

36.    At all times herein, Defendant City of Detroit with deliberate indifference to

the constitutional rights of the Plaintiffs and other similarly situated individuals,

established,  promulgated, implemented, and maintained the following customs,

policies, or practices that were a proximate cause and a moving force in violations

of the Plaintiffs' rights under the United States Constitution:

    a.    Failing to adequately train, supervise, and/or discipline law
    enforcement officers and supervisors with regard to retaliating for exercise
    of protected 1st Amendment rights and with regard to the appropriate and
    necessary bases for investigations, use of force and arrests;

    b.    Hiring and/or retaining as law enforcement officers, supervisors, and
    certain persons whom the Defendant City of Detroit knew or had actual
    notice of retaliating for exercise of protected 1st Amendment rights, using
    excessive force, arresting without probable cause and investigating without
    reasonable suspicion individuals without probable cause;

    c.    Failing to intervene when it knew of retaliation, improper excessive
    force, wrongful arrest and wrongful investigation of individuals without
    probable cause;

    d.    Condoning and actively encouraging the use of processes that failed to
    properly monitor, evaluate and determine the continuing retaliation, arrest

without probable cause, wrongful investigation and improper use of force, without probable cause;

e.      Routinely concealing, covering up, and hiding evidence of wrongdoing by law enforcement officers employed by the Defendant City of Detroit;

f.      Setting customs, policies and practices for use of Special Response Team and other officers and units to respond to protests that violated the well-established Constitutional rights of individuals, including Plaintiffs, who were acting as well-identified legal observers during protests; and,

g.      Directing and controlling the wrongful actions of Defendant police officers by Defendant Mayor Duggan, Police Chief Craig and others.

37.    Each of the customs, policies, or practices was known to Defendant City of Detroit as highly likely and probable to cause violations of the United States constitutional rights of Plaintiffs and other individuals, and each was a moving force in the violations of the Plaintiffs' United States constitutional rights, as set forth herein.

38.    As a direct and proximate result of Defendant City of Detroit's actions, Plaintiffs suffered injury and damages including those set forth in paragraph 30.

   **WHEREFORE**, Plaintiffs claim judgment against Defendant City of Detroit in the amount more than Seventy-Five Thousand Dollars ($75,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

**COUNT III**

## LIABILITY UNDER STATE LAW AGAINST INDIVIDUAL DEFENDANTS AND UNKNOWN DEFENDANT OFFICERS

39.     Plaintiffs hereby re-allege and incorporate herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

40.     Individual Defendants and unknown Defendant officers were at all times relevant hereto performing ministerial-operational duties which did not involve significant decision-making, personal deliberation or judgment.

41.     The minor decision making involved in Individual Defendants' and unknown Defendant officers' actions at all times relevant hereto were merely incidental to the execution of said Individual Defendants' and unknown Defendant officers' ministerial-operational duties.

42.     At all times relevant hereto, Plaintiffs had the right under statutes, common law, rules, regulations and/or ordinances of the State of Michigan, to be free from the reckless, knowingly and/or intentionally tortious, willful, wanton, reckless and/or grossly negligent execution of ministerial-operational duties contrary to Michigan law and United States Constitution, by Individual Defendants and unknown Defendant officers.

43.     At all times relevant hereto, Individual Defendants and unknown Defendant officers failed, notwithstanding their standard duty of due care to execute their said ministerial-operational duties in good faith, without negligence, recklessness, willfulness, wantonness, gross negligence and/or knowingly and/or intentional

tortuous conduct, in a manner consistent with Michigan law, as follows, but not limited hereto:

    a.    To  act in good faith, while arresting Plaintiff Howland-Bolton based on knowingly, recklessly and/or grossly negligently false information;

    b.    To act in good faith, while exerting excessive force upon Plaintiffs;

    c.    To comply with all applicable statutes, laws, rules, regulations and/or ordinances,  including but not limited to the Michigan laws.

44.    Notwithstanding these duties, Individual Defendants and unknown Defendant officers knowingly and intentionally while acting under color of law, violated, breached and/or failed to fulfill their ministerial duties to Plaintiffs in a manner violative of Michigan law, Federal law and the United States Constitution, by acting in bad faith and engaging in ultra vires conduct.

45.    Notwithstanding these duties, Individual Defendants and unknown Defendant officers knowingly failed to fulfill their ministerial duties while on duty and acting during their employment and/or authority, under color of law and pursuant to customs, policies and/or practices, wrongfully exerted excessive force upon Plaintiffs and falsely arrested Plaintiff Howland-Bolton in bad faith.

46.    Notwithstanding these duties Individual Defendants and unknown Defendant officers deliberately, recklessly, willfully, wantonly, knowingly and/or intentionally violated, breached and failed to fulfill their  ministerial duties to

Plaintiffs, in bad faith, and in violation of the Michigan laws, including, but not limited to, the following:

      a.    By wrongfully arresting and imprisoning Plaintiff Howland-Bolton without reasonable suspicion or probable cause, based on knowingly, recklessly and/or grossly negligently false information provided by Individual Defendants and unknown Defendant officers.

      b.    By exerting excessive force on Plaintiffs.

      c.    By treating Plaintiff unequally because of their protected activity, in violation of the Equal Protection Clause and the 14th Amendment.

47.    As a direct and a proximate result of Individual Defendants' and unknown Defendant officers' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, in bad faith and violation of the Michigan laws, Plaintiffs were injured.

48.    As a direct and a proximate result of Individual Defendant's and unknown Defendant officers' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, all done in bad faith, Plaintiffs suffered and continue to suffer serious and permanent personal injuries, including physical and mental pain, mental anguish, severe emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, medical complications and a lesser leaning, liking and ability towards previous home, family, social, recreational and personal activities, all past, present and future, and any other damages listed in paragraph 30.

## COUNT IV
## GROSS NEGLIGENCE  UNDER STATE LAW

49.     Plaintiffs hereby re-allege and incorporate herein by reference all the prior

paragraphs,  as though the same were fully set forth herein word for word.

50.     Individual Defendants and unknown Defendant officers owed Plaintiffs a

duty of care, including but not limited to a:

      a.   Duty to provide protection for Plaintiffs when they were in a helpless
           condition;

      b.   Duty not to make Plaintiffs' condition worse after taking them into their
           custody and control;

      c.   Duty to properly assure the safety of Plaintiffs when they was in their
           care;

      d.   Duty to exercise reasonable care to perform an undertaking, after they
           undertook to render services to Plaintiffs which they should have
           recognized as necessary for the protection of Plaintiffs' person and failed
           and, their failure to exercise such care increased the risk of such harm.
           Rest.2nd Torts § 323, §324A; and,

      e.   Duty not to excessively tighten handcuffs, and/or improperly use
           chemical weapons against foreseeable victims.

51.    The actions of the Individual Defendants and unknown Defendant officers

wantonly and recklessly, in gross negligence, violated the duties to Plaintiffs and

disregarded Plaintiffs' rights.

52.    The Individual Defendants' and unknown Defendant officers' actions in

acting with gross negligence and denying Plaintiff's rights caused loss of rights

and injury to the Plaintiffs.

53.    The Individual Defendants' and unknown Defendant officers' actions were in wanton, reckless and callous disregard to  Plaintiffs' rights and to the injury to Plaintiffs and were grossly negligent.

54.    Under MCL 691.1407, citizens may maintain an action in tort against police Defendants whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the officer is acting within the scope of his authority.

55.    As a direct and proximate result of the Individual Defendants' and unknown Defendant officers' actions, Plaintiffs suffered injury and damages including, but not limited to, those set forth in paragraph 30.

    **WHEREFORE**, the Plaintiffs claim judgment against Individual Defendants and unknown Defendant officers' in the amount in excess of Seventy-Five Thousand Dollars ($75,000) which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.


**COUNT V**
**FALSE ARREST AND FALSE IMPRISONMENT AGAINST INDIVIDUAL DEFENDANTS AND OTHER UNKNOWN DEFENDANT OFFICERS**

56.    Plaintiffs hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

57.     Individual Defendants and unknown Defendant officers under the direction and control of Defendants Mayor Duggan, Policy Chief Craig, Scilagy and others caused and/or effected the wrongful seizure, arrest and imprisonment of Plaintiffs without probable cause.

58.     In full view of members of the community, Individual Defendants and unknown Defendant officers under the direction and control of Defendants Mayor Duggan, Policy Chief Craig, Scilagy and others placed Plaintiff Howland-Bolton in a police vehicle and verbally accused Plaintiff Howland-Bolton of the commission of crimes.

59.     Individual Defendants and unknown Defendant officers under the direction and control of Defendants Mayor Duggan, Policy Chief Craig, Scilagy and others physically restrained Plaintiff Howland-Bolton and deprived her of her personal liberty and freedom of movement for a significant period of time.

60.     In full view of members of the community Individual Defendants and unknown Defendant officers under the direction and control of Defendants Mayor Duggan, Policy Chief Craig, Scilagy and others used chemical and physical weapons to restrain other Plaintiffs and deprived them of their person al liberty and freedom of movement. Plaintiffs were conscious of their confinement at all times relevant hereto.

61.     The imprisonment, arrest and restraint were against Plaintiffs' will.

62.     Individual Defendants and unknown Defendant officers under the direction and control of Defendants Mayor Duggan, Policy Chief Craig, Scilagy and others accomplished the imprisonment and restraint by actual physical force, and the deprivation of Plaintiffs' liberty and freedom was intentional, unlawful, unprivileged, and without probable cause.

63.     In addition to the initial restraint and deprivation of personal liberty and freedom of movement being unreasonable, the continued detention and investigation were unreasonable.

64.     As a direct and proximate result of the Individual Defendants' and unknown Defendant officers' actions under the direction and control of Defendants Mayor Duggan, Policy Chief Craig, Scilagy and others, Plaintiffs suffered injury and damages including those set forth in paragraph 30.

        **WHEREFORE**, the Plaintiffs claim judgment against Individual Defendants and unknown Defendant officers in the amount in excess of Seventy-Five Thousand Dollars ($75,000) which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

### COUNT VI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST INDIVIDUAL DEFENDANTS AND UNKNOWN DEFENDANT OFFICERS

56.     Plaintiffs hereby re-allege and incorporate herein by reference all the prior

paragraphs,  as though the same were fully set forth herein word for word.

57.     At all times relevant the Individual Defendants and unknown Defendant

officers notwithstanding their standard duty of due care, owed to Plaintiffs the

following duties, among others:

     a.  To refrain from inflicting negligent, grossly negligent, bad faith, and/or intentional emotional distress on Plaintiffs;

     b.  To refrain from subjecting Plaintiffs to unsubstantiated and false statements meant to create probable cause in bad faith;

     c.  To refrain from subjecting Plaintiffs to emotional distress through improper use of force; and,

     d.  To refrain from treating Plaintiffs in an extremely and outrageously abusive manner.

58.     The Individual Defendants and unknown Defendant officers negligently,

grossly negligently, willfully, wantonly, knowingly and/or intentionally breached

and continue to breach one or more of said duties by, among other things:

     a.  Negligently, grossly negligently and/or intentionally, in bad faith, inflicting emotional distress upon Plaintiffs, by wrongfully arresting, wrongfully seizing, wrongfully retaliating against protected speech, and/or wrongfully using excessive force against Plaintiffs;

     b.  Negligently, grossly negligently and/or intentionally, in bad faith, subjecting Plaintiff to injury through the use of excessive force;

     c.  Negligently, grossly negligently, and/or intentionally, in bad faith, treating Plaintiff in an extremely and outrageously abusive manner.

59.    As a direct and a proximate result of said negligent, grossly negligent, reckless, willful, wanton, knowing and/or intentional misconduct, all done in bad faith, by the Individual Defendant, Plaintiffs suffered and continue to suffer serious and permanent personal injuries, including, physical and mental pain, mental anguish, emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, and a lesser leaning, liking and ability towards previous home, family, social, recreational and personal activities, all past, present and future, as well as any other damage listed in paragraph 30.

**WHEREFORE**, the Plaintiffs claim judgment against Individual Defendants and unknown Defendant officers in the amount in excess of Seventy-Five Thousand Dollars ($75,000) which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

Respectfully submitted,

/s/ David A. Robinson_____
DAVID A. ROBINSON (P38754)
BRANDON MCNEAL (P81300)
Attorneys for Plaintiff

Dated: April 2, 2021

U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMA HOWLAND-BOLTON, SARA HABBO,
SHANNON MCEVILLY, MARIE REIMERS and
CLARISSA GRIMES
     Plaintiffs,                                CASE NO. :
v.                                             HON.

CITY OF DETROIT, a municipality
MAYOR MICHAEL DUGGAN, CHIEF JAMES CRAIG,
CMDR. DARIN SCILAGY, RODNEY CUSHIONBERY,
UNKNOWN METROPOLITAN COMMAND OFFICERS,
UNKNOWN SRT OFFICERS AND UNKNOWN OFFICERS,
     in their individual and official capacities,
     Jointly and Severally,
_____/

DAVID A. ROBINSON (P38754)
BRANDON MCNEAL (P81300)
ROBINSON & ASSOCIATES, P.C.
Attorneys for Plaintiff
28145 Greenfield Rd., Suite 100
Southfield, MI 48076
(248) 423-7234
davidrobinsonlaw@gmail.com
mcnealbr@gmail.com

**THOMAS E. KUHN (P37924)**
Co-Counsel for Plaintiff
645 Griswold Street, Ste. 1900
Detroit, MI 48226
313.963.522; fax 313.963.9061
tekuhn@aol.com
_____/

## <u>JURY DEMAND</u>

    **NOW COMES** the Plaintiffs and demand trial of their cause by jury.

                                    Respectfully submitted,

/s/ David A. Robinson_____
DAVID A. ROBINSON (P38754)
BRANDON MCNEAL (P81300)
Attorneys for Plaintiff

Dated: April 2, 2021