UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMA HOWLAND-BOLTON, et al.,

    Plaintiffs,

v.

CITY OF DETROIT, et al.

    Defendants.

Case No. 21-10751
Honorable Laurie J. Michelson

**ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION AND DISMISSING WITHOUT PREJUDICE COUNTS III, IV AND VII**

Plaintiffs served as legal observers at protests and demonstrations in Detroit throughout the summer of 2020. Plaintiffs allege that members of the Detroit Police subjected them to excessive force in the form of physical assault, non-lethal chemical sprays, and tear gas, and also wrongfully arrested one of them. Plaintiffs bring two claims under 42 U.S.C. § 1983 against the officers, the Chief of Police, the Mayor, and the City of Detroit. In addition to these federal claims, Plaintiffs bring five state-law tort claims premised on supplemental jurisdiction.

By statute, federal courts may exercise supplemental jurisdiction over certain state-law claims. *See* 28 U.S.C. § 1367(a). However, courts have the discretion to decline to exercise such jurisdiction when "the claim raises a novel or complex issue of State law, the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [or] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c) (subsections omitted). A court also may choose not to exercise jurisdiction if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.*

As the Supreme Court has stated, where "state issues substantially predominate, . . . the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966). Compelling reasons for declining jurisdiction "should be those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness, and comity." *Brown v. Scaglione*, No. 20-10192, 2020 WL 674291, at *2 (E.D. Mich. Feb. 11, 2020) (citation omitted); *see also Gibbs*, 383 U.S. at 727 (holding that the likelihood of jury confusion is an appropriate factor to consider in declining supplemental jurisdiction); *Kozma v. City of Livonia*, No. 14-2268, 2014 WL 3956450, at *1 (E.D. Mich. Aug. 13, 2014) (same).

In this case, the five state-law claims could easily predominate over the two federal claims. And three of the five state-law claims present a high risk of jury confusion.

The two federal claims in the case relate to allegations of retaliation for protected speech, excessive force, wrongful arrest and imprisonment, and equal protection. (ECF No. 6, PageID.53–56.) One of the state-law claims, Count V for false arrest and false imprisonment, substantially relates to the federal claim under the Fourth Amendment and will involve largely similar elements and jury instructions. (*Id.* at PageID.66–68.) And although it is unclear whether Plaintiffs intend to bring a malicious prosecution claim under § 1983, they could do so. *See King v. Harwood*, 852 F.3d 568, 580 (6th Cir. 2017) (noting that malicious prosecution is actionable as a Fourth Amendment violation under § 1983). And a state-law claim for malicious prosecution would have largely the same elements. So the Court will also exercise jurisdiction over Count VI for malicious prosecution.

On the other hand, Count III for "liability under state law," Count IV for gross negligence, and Count VII for intentional infliction of emotional distress are substantially different from the

federal claims. Both Count III and Count IV relate to a "duty of care" the police officers allegedly owed to the plaintiffs. (*Id.* at PageID.59–65.) And Count VII alleges that the officers had a duty to refrain from inflicting emotional distress. (*Id.* at PageID.73–74.) Not only do these counts involve completely different elements from the federal claims, they also involve entirely different theories of liability based on negligence. These claims also have the added complexity of alleging alternative degrees of negligence or willfulness, which would require the jury to understand and apply the differences between negligence, gross negligence, recklessness, and willful or wanton conduct. (*Id.* at PageID.59, 64, 73); *see Padilla v. City of Saginaw*, 867 F.Supp. 1309, 1315 (E.D. Mich. 1994) ("The state claims and federal claims have different legal standards, rules of vicarious liability and immunity, and recoverable damages, and it would be very difficult for a jury to keep them straight."). So the Court finds that jury confusion is likely because of the "need to introduce evidence inapplicable to the evidence relevant to the federal claims, the presence of disparate legal theories on both claims and defenses, and the need to create expanded and contradictory jury instructions." *Brown v. Scaglione*, No. 20-10192, 2020 WL 674291, at *2 (E.D. Mich. Feb. 11, 2020).

So pursuant to 28 U.S.C. § 1367(c), in the interest of economy, fairness, and convenience, the Court declines to exercise supplemental jurisdiction over Counts III, IV and VII. Those claims are DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated: May 5, 2021  
    Detroit, Michigan

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
United States District Judge